IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KYLE WEDGE,                          )
                                     )
            Plaintiff,               )
                                     )
      v.                             )      Civil Action No. 23-343-E
                                     )
MARTIN O'MALLEY, [1]                 )
*Commissioner of Social Security*,   )
                                     )
            Defendant.               )

O R D E R

AND NOW, this 20th day of November, 2024, upon consideration of the parties'
cross-motions for summary judgment, the Court, after reviewing of the Commissioner of Social
Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under
Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and supplemental security
income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the
Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See*
42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary
of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v.
Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944
(W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be
affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

---

1    Martin O'Malley is substituted as the defendant in this matter, replacing former Acting
Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C.
§ 405(g).

1

would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.

1981)).[2]

---

[2]     Plaintiff argues that the residual functional capacity ("RFC") formulated by the
Administrative Law Judge ("ALJ") was not supported by substantial evidence, particularly in
that it contained no provision that he be provided with a sit/stand option.  The Court disagrees
and finds that substantial evidence supports the ALJ's RFC determination and his ultimate
decision that Plaintiff is not disabled.

        Plaintiff's argument centers around the opinions of consultative examiners Michael
Rosenberg, M.D., and Melita Konecke, M.D., both of whom indicated that Plaintiff would be
limited to standing and/or walking an hour or less at one time without interruption.  (R. 519,
547).  Plaintiff asserts that although the ALJ considered his overall ability to stand and walk over
the course of an eight-hour day, he did not consider these opined limitations as to how long he
could perform such activities at one given time.  He contends that if the ALJ implicitly rejected
these limitations, he failed to explain why, and if he simply accepted them, they were not
accounted for in the RFC, as such restrictions would necessarily require some form of a sit/stand
option.  Such a sit/stand option, he argues, also would be consistent with his subjective
complaints.

        The ALJ thoroughly considered the opinions of Dr. Rosenberg and Dr. Konecke, finding
each to be "partially persuasive."  (R. 20-22).  In considering the persuasiveness of Dr.
Rosenberg's opinion, the ALJ expressly acknowledged his statement that Plaintiff was limited to
standing and walking no more than 45 minutes at a time, as well as his opinion that Plaintiff was
limited to standing/walking a total of four hours during an eight-hour day.  In so doing, the ALJ
stated that "the portion of [Dr. Rosenberg's] opinion not consistent with the record was the
statement pertaining to standing and walking."  (R. 21).  He likewise considered Dr. Konecke's
assessment that Plaintiff was limited to standing and walking for no more than an hour at a time,
as well as her opinion that he was limited to standing/walking a total of six hours out of an eight-
hour day.  (*Id.*).  The ALJ did not indicate any specific disagreement with Dr. Konecke's
statements as to Plaintiff's ability to stand and walk.   Plaintiff contends that this discussion was
inadequate given the RFC finding here.

        Specifically, Plaintiff argues that, by not directly addressing the portions of the
consultative examiners' opinions regarding his ability to stand and walk at one time without
interruption, the ALJ appears to have implicitly accepted these findings as accurate.  Plaintiff
asserts that the RFC, therefore, should contain some limitation reflecting these accepted
opinions.  However, first, it is not clear that the ALJ did not specifically reject Dr. Rosenberg's
opinion that Plaintiff could stand and walk for only 45 minutes at a time.  As noted, he found
generally that this portion of Dr. Rosenberg's opinion was inconsistent with the record and
explained why he so found at significant length.  Indeed, the ALJ clearly did not adopt Dr.
Rosenberg's opinion that Plaintiff could stand/walk for four hours per day total.  Moreover,
while the ALJ did not expressly reject any of Dr. Konecke's opined standing and walking
limitations, he was not required to adopt all aspects of her opinion merely because he found it to

be partially persuasive.  *See Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citations omitted).

Regardless, even assuming that the ALJ did implicitly accept Plaintiff's limitations regarding his ability to stand and walk at one time without interruption as found by the consultative examiners, such limitations are not necessarily inconsistent with the performance of light work.  Although the Social Security Administration's regulations and rulings make clear that light work generally requires the ability to stand and/or walk at least six hours out of an eight-hour day, they do not specify any requirement regarding a claimant's ability to sit, stand, or walk at one time without interruption.  *See* Social Security Ruling 83-10, 1983 WL 31251, at \*6 (S.S.A. 1983); 20 C.F.R. §§ 404.1567(b), 416.967(b).  In fact, Social Security Ruling 83-10 explains that the requirement refers to standing or walking "off and on," and that "[s]itting may occur intermittently during the remaining time."  SSR 83-10, at \*6.  Therefore, the ability to stand or walk for an hour or less at a time is not inherently inconsistent with the ability to perform light work.

Plaintiff claims, though, that at the very least, such limitations in his ability to stand and walk at one time would mandate that the ALJ include a sit/stand option in the RFC.  However, neither Dr. Rosenberg nor Dr. Konecke expressed an opinion regarding any specific sit/stand option; they merely opined as to Plaintiff's ability to stand and walk at one time without interruption.  *See Bigley v. Saul*, No. Civ. 20-249-E, 2021 WL 4035181, at \*1 n.2 (W.D. Pa. Sept. 3, 2021) (rejecting the argument "that Dr. Rosenberg's one-hour-at-a-time standing and walking limitations impl[ied] the necessity of a 'sit/stand option'").  *See also German v. Comm'r of Soc. Sec.*, No. 1:19-CV-03328, 2020 WL 5899521, at \*9 (S.D.N.Y. May 27, 2020), *report and recommendation adopted,* No. 1:19-CV-03328, 2020 WL 3959187 (S.D.N.Y. July 13, 2020).  Therefore, the omission of a sit/stand option in the RFC here does not necessarily equate to a determination that the ALJ rejected any part of Drs. Rosenberg or Konecke's opinions.

In any event, as the Commissioner points out, the vocational expert testified that the light jobs he found Plaintiff capable of performing based on his RFC could generally be performed with a sit/stand option.  (R. 56).  Therefore, even if the ALJ did error by not expressly including such an option in the RFC, any such error would be harmless, as the relevant jobs would still apply.  Moreover, the ALJ considered Plaintiff's subjective statements in rendering his findings, deciding that Plaintiff's testimony was not wholly supported by the record.  While a claimant's testimony regarding his subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question.  *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011).  To the extent that Plaintiff argues that the ALJ gave insufficient consideration to his testimony in determining the proper RFC, the Court notes that, as a general matter, when an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference.  *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).  Such deference is warranted here.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED as set forth herein.

s/Mark R. Hornak
United States District Judge

ecf:        Counsel of record

---

It is also important to remember that the ALJ relied on far more than the opinions of Dr. Rosenberg and Dr. Konecke in formulating Plaintiff's RFC. He also relied on objective medical findings generally showing intact strength and normal gait, sensation, and reflexes; unremarkable medical imaging results; a conservative treatment history; relatively independent activities of daily living; and other medical opinions that likewise allowed for light work (or greater) and that contained no requirement for a sit/stand option. Accordingly, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports his decision. It will therefore affirm.